**UNITED STATES of America,**
**Appellee,**

v.

**Nadine WHITTINGHAM, Defendant–**
**Appellant.**

**No. 08–5140–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 22, 2009.

Jenna M. Dabbs (Anjan Sahni, Michael A. Levy, on the brief) for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, for Appellee.

Michael Hurwitz, Hurwitz Stampur & Roth, New York, NY, for Defendant–Appellant.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, and JANE A. RESTANI, Judge.*

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Nadine Whittingham appeals from her conviction following a jury trial in the United States District Court for the Southern District of New York (McMahon, *J.* ) for (1) conspiring to commit bank fraud, in violation of 18 U.S.C. § 1349; and (2) the substantive offense of bank fraud, in violation of 18 U.S.C. § 1344. We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues raised on appeal.

At trial, the district court admitted a series of still images printed from surveillance videos that allegedly show Whittingham at her desk at approximately the times when the government argued she was illegally accessing customer accounts. Whittingham raises two specific objections to the admission of this evidence. First, she argues that the admission of the photographs violated Federal Rule of Evidence 1002, widely known as the "best evidence rule," because the original videotapes had been lost and were not available at trial. Second, she argues that the photographs were not properly authenticated under Federal Rule of Evidence 901(a).

■ We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Anglin,* 169 F.3d 154, 162 (2d Cir.1999). We find both of Whittingham's arguments to be without merit. First, although Rule 1002 provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required," Fed.R.Evid. 1004(1) waives this requirement if "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." Here, there are no allegations that the government lost or destroyed the originals in bad faith, and indeed, it was the Bank of America fraud investigator, not the government, who lost the videotapes. Therefore, we see no error in their admission.

■ We also conclude that the district court did not abuse its discretion in ruling that the evidence had been properly authenticated. Under Rule 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901 is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Tin Yat Chin,* 371 F.3d 31, 38 (2d Cir.2004) (internal quotation marks and citation omitted).

We conclude that the government adequately authenticated the photographs through the testimony of the bank employees regarding how the videos were recorded, collected, and time-stamped, as well as the circumstantial evidence placing the defendant at her desk during those times. Although there was testimony that the time-stamp the video was off by as much as five minutes, this slight discrepancy does not prove fatal; indeed, this testimony may make the evidence less credible to the jury, but it does not make it inadmissible. Therefore, we cannot say that the district court abused its discretion in admitting this evidence.

■ Next, Whittingham argues that the evidence at trial was insufficient to establish venue in the Southern District for her substantive bank fraud conviction. We have determined that "venue is proper in a district where (1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue." *United States v. Svoboda,* 347 F.3d 471, 483 (2d Cir.2003). However, where the liability of the substantive of-

fense is premised on an aiding and abetting theory, as in this case, "[v]enue is proper where the defendant's accessorial acts were committed *or* where the underlying crime occurred." *United States v. Smith,* 198 F.3d 377, 383 (2d Cir.1999) ("Even if Smith committed all of his accessorial acts in the Eastern District of New York, Smith nevertheless would be triable in the Southern District because 18 U.S.C. § 2 alters the common law rule to provide for an *additional* venue where [the principal] acted.") Therefore, Whittingham's challenge to venue on this count fails; although she may only have committed acts in the Eastern District, because the principals acted in Manhattan, venue properly lay in the Southern District. *See id.* ("Because the government proved that [the principal] acted in the Southern District, the government was not required to prove that Smith also committed accessorial acts in the Southern District.").

 Next, Whittingham argues that her sentence was procedurally erroneous because the district court improperly concluded that the defendant was subject to a two-level enhancement to her offense level for abusing a position of trust pursuant to United States Sentencing Guideline § 3B1.3. Application Note 2(B) provides that an adjustment under this guideline applies to "[a] defendant who exceeds or abuses the authority of his or her position in order to obtain unlawfully, or use without authority, any means of identification." We have no hesitation in concluding that Whittingham, who abused her position as a personal banker by accessing customers' profiles to abuse their accounts, qualifies for this enhancement.

Finally, Whittingham argues that the district court committed procedural error by predetermining her sentence before calculating the applicable Guidelines range or reviewing her Pre–Sentence Report. Specifically, the district court stated, *inter*

*alia,* that after reviewing the evidence in the trial, before she reviewed the Guidelines or Pre–Sentence Report, her reaction was to give the defendant five years imprisonment. We cannot say that this alone amounted to plain error in this case. The district court carefully calculated the Guidelines range, considered the § 3553 factors at length, and imposed a sentence that was in line with the Guidelines range.

For the foregoing reasons, we AFFIRM the judgment of the district court.